**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Bankruptcy Case No. 11-33380** |
| **HEIGHTS MELROSE GROUP, LLC** | § | |
| | § | |
| **DEBTOR** | § | |

| | | |
|---|---|---|
| **HEIGHTS MELROSE GROUP, LLC** | § | **Adversary No. 11-3184** |
| | § | |
| **VS.** | § | |
| | § | |
| **ICITY CONDO, INC., *et al.*** | § | **CIVIL ACTION NO. H-11-3531** |
| | § | |
| **VS.** | § | |
| | § | |
| **THOMAS F. NOONS, *et al.*** | § | |

**HEIGHTS MELROSE GROUP, LLC'S LIMITED RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT & RECOMMENDATION [Dkt No. 3]**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE NANCY F. ATLAS:

COMES NOW, Heights Melrose Group, LLC ("Debtor") and files this, its Limited Response to Defendants ICity Condo, Inc. and Isaac W. Kyle's (together, "ICity") Objections to Report and Recommendation (Dkt #3), and in support thereof, would respectfully show the Court as follows:

## I. SUMMARY

1. Debtor has no objection to the Report and Recommendation of the Bankruptcy Court, joins in the assertions and conclusions therein, and requests that they be confirmed and adopted by the Court.

## II. JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334.

## III. FACTUAL BACKGROUND

3. Debtor incorporates in full the factual background as set forth by the bankruptcy court. *See* Report & Recommendation, Bankruptcy Court Docket ("BC Dkt") #53, pg. 4 – 9. [1] The Court has requested a reply to Defendants' Objections to Report and Recommendation and has specifically requested that the issue of standing be addressed in relation to the Settlement Agreement allegedly entered into by the original parties to the State Court litigation prior to the intervention of the Debtor and removal to the Bankruptcy Court (Dkt. #3).

4. The only evidence of the Settlement Agreement and its alleged terms is the incomplete document (pages 6-9 of the 10 page document are missing) attached as an exhibit to ICity's Sur-Reply to Plaintiff's Motion for Summary Judgment (BC Dkt #34-1.) There is no affidavit laying a predicate for the authentication of this document as required by Fed.R.Evid., Rule 901, 902 or for its admission as summary judgment evidence pursuant to Fed.R.Civ.P., Rule 56(e)(1).

5. This alleged agreement was not filed with the State Court Pursuant to T.R.C.P., Rule 11. Furthermore, it is apparent from the portion of the document that was provided, that the alleged agreement was contingent upon the State Court's maintaining of its Findings of Fact and Conclusions of Law, which had been entered 13 days prior to the signing of the purported Settlement Agreement. These Findings of Fact and Conclusions of Law were vacated by the State Trial Court on March 25, 2011, (ECF No. 18-8) two weeks after the Settlement Agreement was allegedly signed.

---

[1] The term "Bankruptcy Court Docket" itself refers to the docket maintained by the bankruptcy court clerk in the adversary proceeding captioned *Heights Melrose Group, LLC vs. ICity Condo, Inc., Angela Osborne, and Isaac W. Kyle vs.Thomas F. Noons, Jacky Noons, Heights Venture, Ltd. And British American Properties of Texas, Inc.*, Adversary Proceeding No. 11-3184 in which the Report & Recommendation was first filed. The adversary proceeding was related to the main bankruptcy case *In re Heights Melrose Group, LLC*, Case No. 11-33380-H1-11, pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

## IV. SUMMARY OF THE ARGUMENT

6. In his Report and Recommendation, Judge Isgur did not list the alleged Settlement Agreement as being among the summary judgment evidence submitted by Defendants. Judge Isgur correctly did not consider the incomplete copy of the purported Settlement Agreement as cognizable summary judgment evidence for several reasons. They are: (1) Defendants did not submit a "sworn or certified copy" of the alleged Settlement Agreement as would be required by Fed. R. Civ. P., Rule 56(e)(1) and Fed R. Evid., 901. (2) The alleged Settlement Agreement itself did not comply with the requirements and procedures of T.R.C.P., Rule 11 for enforceability of same. (3) The unauthenticated document which was submitted was missing three out of ten pages as indicated by the page numerals on the pages which were submitted without authentication. (4) Furthermore, the alleged Settlement Agreement was not identified by defendants as a document relevant to disputed facts in its initial disclosures made pursuant to F.R.C.P., Rule 26 (ECF No. 23).

7. Even if the Settlement Agreement were to be considered as evidence, and determined to be effective as an assignment to ICity of any existing right of Heights Venture, Ltd. or Noons to contest the foreclosure sale, the ultimate result is the same. As was stated by Judge Isgur, "even if ICity and Kyle had standing to challenge the foreclosure sale because of lack of notice, such challenge fails. No party entitled to notice failed to receive notice of the foreclosure sale." (Dkt. #1) The assignment from Heights Venture, Ltd. to ICity occurred, if at all, nearly two years after the sale occurred. Thus it does not affect the issue of parties entitled to notice as of the date of the foreclosure. If ICity has standing to assert failure of notice to those obligated on the debt, there was no evidence presented that such parties did not, in fact, receive notice and all summary judgment evidence on the issue directly contradicts that such a failure

occurred. Furthermore, the arguments of defendants regarding the substitute trustee's authority fail as a matter of law for the reasons stated by Judge Isgur.

## V. ARGUMENTS & AUTHORITIES

8. ICity relies upon a document entitled "Settlement Agreement and Mutual Release in Full of All Claims" (the "Settlement Agreement") to support its argument that it has standing to challenge the foreclosure. *See* ICity's Objections to the Report & Recommendation (the "Objection"), BC Dkt #34-1, at pg. 9. The Settlement Agreement purports to be a settlement between the parties to the state court suit styled *iCity Condo, Inc., Angela Osborne, & Isaac W. Kyle v. Thomas F. Noons, Jacky Noons, Heights Venture, Ltd., & British American Properties of Texas, Inc.*, Cause No. 2009-81416 in the 164th Judicial District Court of Harris County, Texas (the "State Court Suit"). ICity claims the Settlement Agreement transferred all of the state court defendants' claims to ICity and thereby conferred standing to challenge the foreclosure upon ICity. *See* ICity's Objection, pg. 9. As such, ICity requests this Court enforce the Settlement Agreement by employing that purported standing. *Id.* The Settlement Agreement is unenforceable and ICity's reliance thereon is misplaced for several reasons.

### A. The Settlement Agreement is unenforceable because it does not comply with Tex. R. Civ. P. 11 as it was never filed with the state court.

9. Texas Rule of Civil Procedure 11 provides, "[N]o agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex. R. Civ. P. 11. "This rule has existed since 1840 and has contained the filing requirement since 1877." *Padilla v. LaFrance*, 907 S.W.2d 454, 459 (Tex. 1995) (internal citations omitted). "Rule 11 requires settlement agreements to be filed with the papers as part of the record." *Id.*, at 461.

10. As stated in "Debtor's Notice of Filing State Court Record Pursuant to Notice of Removal," the Debtor filed true, correct and certified copies of all papers, pleadings, orders and other documents in the state court record. *See* BC Dkt #6. No party has asserted that the state court record was not completely and entirely produced. Careful review of the state court record reveals that the Settlement Agreement does not appear anywhere therein.

11. In fact, the Settlement Agreement only appears in the entire record once: as an exhibit to ICity's Sur-Reply in the bankruptcy court (and as discussed below even then incompletely) and not at all in the state court record. *See* BC Dkt #34-1. As produced by ICity, the Settlement Agreement is not file-stamped nor is the copy certified. *Id.* ICity has not produced a true and correct copy of the Settlement Agreement filed with the state court because it cannot. Because the Settlement Agreement was not "filed with the papers as part of the record" it is unenforceable by this or any other Court and does not confer standing upon ICity to challenge the foreclosure. *See* Tex. R. Civ. P. 11.

12. In the event ICity argues in response that the purported Findings of Fact and Conclusions of Law or the Agreed Judgment entered by the state court reflect the terms of the Settlement Agreement (which Debtor disputes) and thereby constitute a valid Rule 11 settlement agreement, Debtor would show both documents lack signatures of all the parties and, more importantly, were vacated by the state court upon Debtor's motion after Debtor intervened in the suit. *See* BC Dkt #18-8. Consequently, those filings are without force or effect.

**B. The Settlement Agreement is unenforceable because it does not comply with Tex. R. Civ. P. 11 because it is not signed by a necessary party.**

13. The Texas Supreme Court has held that "Rule 11 is a minimum requirement for enforcement of all agreements concerning pending suits." *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984). As stated above, under Tex. R. Civ. P. 11, an agreement "between attorney or

**parties**" must "be in writing, **signed** and filed." *See* Tex. R. Civ. P. 11 (emphasis added). Because Angela Osborne is a named party to the Settlement Agreement, her signature is required for the agreement to be enforceable. In *Kennedy v. Hyde*, the Texas Supreme Court held that, in a suit with multiple parties, where a single party does not execute the settlement agreement, the settlement agreement is unenforceable as a matter of law. *Kennedy v. Hyde*, 682 S.W.2d at 530.

14. In this case, the Settlement Agreement is not signed by one of the state court plaintiffs, Angela Osborne. *See* BC Dkt #34-1. The first paragraph of the Settlement Agreement defines "Plaintiffs" as follows: "iCity Condo, Inc. ('iCity'), Isaac W. Kyle ('Kyle'), and Angela Osborne ('Osborne') each being individually a 'Party' and hereinafter being collectively referred to as 'Plaintiffs.'" *Id.*

15. The Settlement Agreement purports to be a mutual release of all claims upon terms at least partially discussed therein. *Id.* For example, the Settlement Agreement states that "Plaintiffs and Defendants… *release, acquit, and forever discharge* each other Party… from the following:… Any and all claims that any Party may have against any other Party which has been or could be asserted as a claim or counterclaim [or] cross claim" in the State Court Suit. *Id.* (orig. emphasis). Because the Settlement Agreement explicitly states that "Plaintiffs" and "Party" <u>include</u> Angela Osborne, it purports, in part, to release her claims against the defendants. The release of Angela Osborne's claims against the defendants may have been material consideration in exchange for the defendants' mutual release (though it is impossible to discern as much from the incomplete document). In any event, as the Settlement Agreement does not include the signatures of the parties thereto, it is unenforceable.

16. In response to this argument, Debtor anticipates ICity to re-assert its argument that Osborne "was previously a party to this case, but was removed in the Plaintiff's Second

Amended Petition in state court, prior to removal to [the bankruptcy] court." *See* ICity's Response to Debtor's Motion for Final Summary Judgment, BC Dkt #26, pg. 9, n. 17. This argument is without merit because there are no orders or notices in the state court record which indicate Angela Osborne dismissed or nonsuited her claims or was otherwise severed from the State Court Suit. As such, she was still a party to the suit and her claims retained at the time the matter was removed to the Bankruptcy Court. *See* Tex. R.Civ. P. 162; *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008) ("Although a plaintiff decides which of its claims to pursue or abandon, that decision does not control the fate of a non-moving party's independent claims for affirmative relief.")

17. Though it is unclear which version of the amended petition ICity references, the result is the same. The state court suit was commenced by the Plaintiffs' Original Petition with Requests Pursuant to Rule 194 in which ICity and Angela Osborne were the named plaintiffs. *See* BC Dkt #7-3. Subsequently, ICity filed what appears to be three copies of the same Plaintiff's [sic] Amended Petition & Request for Disclosure. *See* BC Dkt #9-32, 33, & 34. In this document, Angela Osborne is not mentioned at all, nor does she appear as a named plaintiff, and consequently therein she does not request her claims to be dismissed or nonsuited. *Id.* The same is true of the document entitled Plaintiffs' Seconded Amended Original Petition. *See* BC Dkt #16-9.

18. ICity's argument appears to be that any claims of Angela Osborne were dismissed, nonsuited or, to use ICity's term, "removed," by virtue of the fact that ICity's pleadings cease to mention her and her claims and she does not subsequently reappear in the state court record. This is insufficient under the Texas Rules of Civil Procedure to constitute a

final disposal of Angela Osborne's claims and thus she is a necessary signatory to the Settlement Agreement. Tex. R. Civ. P. 162; *Villafani v. Trejo*, 251 S.W.3d at 469.

19. Debtor would further show that its pleadings did not suffer from the same conspicuous omission. Its Complaint (BC Dkt #1), Motion for Final Summary Judgment, (BC Dkt #25) and Reply to ICity's Response to the Motion for Final Summary Judgment (BC Dkt #31) all include Angela Osborne as a named defendant, as does the Bankruptcy Court's Report and Recommendation.

**C. The Settlement Agreement is an inadmissible duplicate under Fed. R. Evid. 1003 because it is missing substantive pages and ICity has provided no admissible evidence to supply the remaining contents of the agreement pursuant to Fed. R. Evid. 1004.**

20. The Best Evidence Rule, codified in Fed. R. Evid. 1002, provides that the original of a document is the best evidence to prove the contents of a writing. *See* Fed. R. Evid. 1002. Fed. R. Evid. 1003, which generally permits duplicates to substitute for the original writings, provides that

> A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

Fed. R. Evid. 1003.

21. The duplicate copy of the Settlement Agreement it appears in the record and as filed by ICity is clearly incomplete. *See* BC Dkt #34-1. The Settlement Agreement appears in the record only once, as an exhibit to ICity's Sur-Reply in the Bankruptcy Court, and pages one through five appear to be faithfully produced, but where page 6 should be, there is a signature page numbered page 10. *Id.* Further, the language at the end of page five does not match up with the language at the top of page ten. Specifically, the last sentence of page five reads "T. Noons further covenants and agrees to provide, on request, in any…" while the language at the top of

page ten reads "… contained herein are used solely for convenience and shall not be deemed to define or limit the provisions of this Release." *See* BC Dkt 34-1. Clearly pages are missing. Where a court does not have a full version of a document before it, the court cannot adequately review it. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191 n.3 (5th Cir. 2007) (where the record contained only an incomplete copy of the document, the court could not review it).

22. Both disqualifications under Fed. R. Evid. 1003 are present here. Because the only copy of the purported Settlement Agreement produced is clearly incomplete, was never filed in the state court record, and has not been authenticated, its authenticity is genuinely called into doubt. Also, admitting the Settlement Agreement into evidence would be unfair to Debtor because it would permit ICity to entirely circumvent both the Texas and Federal Rules of Civil Procedure and Evidence.

23. Fed. R. Evid. 1004 provides an exception to the general Best Evidence Rule and allows a producing party to provide the contents of an original writing with other forms of admissible evidence when the original has been, *inter alia*, lost, unobtainable, or in possession of an opponent. *See* Fed. R. Evid. 1004. ICity has not plead, argued or otherwise attempted to supplement the missing contents of the Settlement Agreement besides the statements presented without verification in ICity's Sur-Reply. *See* BC Dkt #34.

**D. No evidentiary predicate for admission of the Settlement Agreement as summary judgment evidence was laid by Defendants as the incomplete copy submitted was neither certified nor supported by affidavit establishing its admissibility.**

24. Defendants did not submit a "sworn or certified copy" of the alleged Settlement Agreement as would be required by Fed. R. Civ. P, Rule 56(e)(1). An incomplete copy of the document was merely attached to the back of Defendant's sur reply, an unverified pleading. Under Rule 901 of the Federal Rules of Evidence, authentication as a condition precedent to

admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Fed. R. Evid. 901(a). Evidence may be properly authenticated by the testimony of a witness with knowledge that a matter is what it is claimed to be. Fed. R. Evid. 901(b)(1). Additionally, some types of evidence are self-authenticating and require no extrinsic foundation for admission. Fed. R. Evid. 902. The admission of evidence requires a sufficient prima facie showing of authenticity. *United States v. Guidry*, 406 F.3d 314, 320 (5th Cir. 2005).

25. The incomplete copy of the purported Settlement Agreement was appended to Defendants' sur reply without a business records affidavit or any other evidence whatsoever regarding its authenticity. Accordingly, this Court should, as Judge Isgur did, not consider this fragment of a purported Settlement Agreement as summary judgment evidence.

**E. The alleged Settlement Agreement was not identified by Defendants as a document relevant to disputed facts in its disclosures made pursuant to Fed. R. Civ. P., Rule 26.**

26. The alleged Settlement Agreement was not identified by defendants as a document relevant to disputed facts in its disclosures made pursuant to F.R.C.P., Rule 26 (ECF No. 23). Therefore, pursuant to F.R.C.P., Rule 37(c)(1), Defendants are "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Defendants offered nothing to establish that the failure to disclose this document was "substantially justified or harmless." Accordingly, no admissible evidence as to the existence of the alleged Settlement Agreement or its terms is before the Court.

**F. Even if the Settlement Agreement were to be considered as evidence, and determined to be effective as an assignment to ICity of any existing right of Heights Venture, Ltd. or Noons to contest the foreclosure sale, the ultimate result is the same.**

27. Although Judge Isgur stated (we believe correctly) that Defendants have no standing to contest the validity of the foreclosure sale, he went on to examine Defendants' arguments regarding the validity of that sale. After doing so, Judge Isgur correctly concluded that, as a matter of law, these arguments fail. This was because the foreclosure complied with all notice requirements and was conducted by persons operating with all necessary authority.

28. Judge Isgur's analysis on these issues is sound and should be adopted by this Court. Thus, should the Court reach an opposite conclusion in determining the standing issue it should concur in the ultimate result that Debtor prevails on all issues of title to the property at issue.

## VI. CONCLUSION

WHEREFORE PREMISES CONSIDERED, Heights Melrose Group, LLC, Debtor-Plaintiff in the Adversary Proceeding below and respondent herein respectfully requests the Court enter a final judgment approving and adopting the Report and Recommendation entered by the Bankruptcy Court in full and for all relief in law and equity to which it has proven itself entitled. Additionally, Debtor seeks recovery of costs and of reasonable and necessary attorney's fees expended by it in this matter.

Dated: November 18, 2011

Respectfully submitted,

By: /s/ Randy W. Williams*
______________________________
Randy W. Williams
State Bar No. 21566850
Thompson & Knight, L.L.P.
333 Clay Street, Suite 3300
Houston, TX 77002
(713) 654-8111
(713) 654-1871 Fax
Attorneys for Debtor
(*Signed by Lewis W. Jost with Permission)

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served on all parties and/or their counsel of record, as shown below via regular US mail, unless otherwise served by the CM-ECF system on November 18, 2011.

/s/ Lewis W. Jost
______________________________
Lewis W. Jost

ICity Condo, Inc., Angela Osborne and Isaac Kyle
c/o Mr. William B. Underwood, III
Underwood, Jones, Scherrer, Malouf, PLLC
5177 Richmond Ave., Suite 505
Houston, TX 77056

Via Telefax: (713) 425-7700

Thomas F. Noons, Jacky Noons, Heights Venture, Ltd., and British American Properties of Texas, Inc.
c/o Mr. Bernard Wm. Fischman
The Ariel House
8118 Datapoint
San Antonio TX 78229

Via Telefax: (210) 614-6401