# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| HEIGHTS MELROSE GROUP, LLC, | § § § | Bankruptcy Case No. 11-33380 |
| Debtor. | § § | |
| _____ | | |
| HEIGHTS MELROSE GROUP, LLC, | § § § | Adversary No. 11-3184 |
| v. | § § § | |
| ICITY CONDO, INC., *et al.*, | § § | **CIVIL ACTION NO. H-11-3531** |
| v. | § § § | |
| THOMAS F. NOONS, *et al.* | § § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Final Summary Judgment [Adversary Doc. # 25] filed by Heights Melrose Group, LLC ("Heights Melrose"), to which Defendants ICity Condo, Inc. ("ICity") and Isaac W. Kyle filed a Response and Cross-Motion for Summary Judgment [Adversary Doc. # 26], Heights Melrose filed a consolidated Reply in support of its motion and Response to Defendants' motion [Adversary Doc. # 31], and Defendants filed a Sur-Reply [Adversary Doc. # 34]. United States Bankruptcy Judge Marvin Isgur submitted a Report & Recommendation [Doc. # 1], to which Defendants filed Objections [Doc. # 3], and Heights Melrose filed

a Response [Doc. # 5] to Defendants' Objections. The Court has carefully reviewed the record, specifically the documents identified herein. Based on that review and the application of relevant legal authorities, the Court **adopts** the Report and Recommendation as if fully set forth herein, **grants** summary judgment in favor of Heights Melrose, and **denies** all parties' requests for attorneys' fees.

Heights Melrose purchased several condominiums in Melrose Park Condominiums in connection with a foreclosure sale. ICity and Kyle seek to challenge the validity of the foreclosure sale, thereby invalidating Heights Melrose's title to the condominium units. The Bankruptcy Court correctly held, and this Court independently holds, that neither ICity nor Kyle had standing to challenge the foreclosure sale at issue in the case. The copy of the Settlement Agreement on which Defendants base their Objections is incomplete, unauthenticated, and is not signed by all parties. As a result, it is inadmissible as evidence in the summary judgment analysis. *See* FED. R. EVID. 901(a) (authentication is a condition precedent to admissibility); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (unauthenticated documents are improper summary judgment evidence); *Farris v. Delta Air Lines, Inc.*, 456 F.2d 236, 237 (5th Cir. 1972); *Cunningham v. Advanta Corp.*, 2009 WL 290031, *4 (N.D. Tex. Feb. 3, 2009) (unauthenticated exhibits are inadmissible). Because Defendants lack standing to challenge the foreclosure sale, Heights Melrose is entitled

to summary judgment that Defendants have no legally cognizable interest in the Melrose Park Condominiums units, and it is hereby

**ORDERED** that the Bankruptcy Court's Report and Recommendation [Doc. # 1] is **ADOPTED** as the decision of this Court.  It is further

**ORDERED** that Heights Melrose Group, LLC's Motion for Summary Judgment [Adversary Doc. # 25] is **GRANTED** and Defendants' Cross-Motion for Summary Judgment [Adversary Doc. # 26] is **DENIED**.  It is further

**ORDERED** that all requests for attorneys' fees are **DENIED**.  The Court will issue a separate final order.

SIGNED at Houston, Texas this 30th day of **November, 2011**.

Nancy F. Atlas
United States District Judge