# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| HEIGHTS MELROSE GROUP, LLC, | § § § § | Bankruptcy Case No. 11-33380 |
|     Debtor. | § | |
| _____ | | |
| HEIGHTS MELROSE GROUP, LLC, | § § § | Adversary No. 11-3184 |
| v. | § § | |
| ICITY CONDO, INC., *et al.*, | § § | **CIVIL ACTION NO. H-11-3531** |
| v. | § § § | |
| THOMAS F. NOONS, *et al.* | § § | |

## MEMORANDUM AND ORDER

By Memorandum and Order [Doc. # 6] entered November 30, 2011, the Court adopted the Report and Recommendation of United States Bankruptcy Court Marvin Isgur.  In the Memorandum and Order, the Court noted that the Bankruptcy Court did not consider the effect of a Settlement Agreement on the standing of ICity Condo, Inc. ("ICity") and Isaac W. Kyle to contest the foreclosure at issue in this case because the Settlement Agreement was incomplete, unauthenticated, and not signed by all parties. The case is now before the Court on the Motion for New Trial [Doc. # 8] filed by ICity and Kyle, which the Bankruptcy Court has recommended be denied.  *See*

Supplemental Report and Recommendation [Doc. # 1 in Civil Action No. 12-126].[1]  Having reviewed the record and the governing legal authorities, and having considered the issue *de novo*,[2] the Court **denies** the Motion for New Trial.

ICity and Kyle sought to challenge the validity of a foreclosure sale, but the Bankruptcy Court recommended that summary judgment be entered in favor of Heights Melrose Group, LLC (the title holder following foreclosure) because ICity and Kyle did not have standing to challenge the foreclosure sale.  ICity and Kyle filed Objections [Doc. # 3] to the Bankruptcy Court's recommendation, citing to a Settlement Agreement pursuant to which they claimed to have standing.  This Court noted that the copy of the Settlement Agreement in the summary judgment record was inadmissible because it was incomplete, unauthenticated, and not signed by all parties.

ICity and Kyle then filed a Motion to Alter or Amend Judgment or, in the Alternative, Motion for New Trial.  Attached to the Motion was a now complete and

---

[1] By Order [Doc. # 11] entered January 10, 2012, this Court rejected ICity and Kyle's request for reconsideration of the Court's prior ruling, but remanded the motion for new trial to the Bankruptcy Court for a decision regarding whether the summary judgment record should be reopened.  As a result, the Motion for New Trial is the only issue currently pending.

[2] A Motion to Reopen is often not a dispositive motion procedurally.  In this case, however, the Court's ruling on the Motion to Reopen is *effectively* dispositive.  For that reason, the Court has considered the Bankruptcy Court's recommendation *de novo*.  The Court does not decide or opine whether this procedure is required under *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

fully signed copy of the Settlement Agreement, now authenticated by the Affidavit of Isaac W. Kyle.

The Court, when deciding whether to reopen a summary judgment record to allow additional evidence, considers the following, non-exhaustive, factors: (1) the importance of the additional evidence; (2) the reason the moving party failed to submit the evidence earlier; and (3) the potential prejudice to the non-moving party if the summary judgment record is reopened. *See Chieftain Int'l (U.S.), Inc. v. Southeast Offshore, Inc.*, 553 F.3d 817, 820 (5th Cir. 2008); *ICEE Distributors, Inc. v. J&J Snack Foods*, 445 F.3d 841, 847-48 (5th Cir. 2006). "A court has considerable discretion in determining whether to reopen a case." *Humphrey v. United Way of Texas Gulf Coast*, 802 F. Supp. 2d 847, 853 (S.D. Tex. 2011). The Court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id*. at 854 (quoting *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir. 1993)); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). An unexcused failure to present evidence in proper form prior to the issuance of a summary judgment ruling by the court is not a valid basis for reopening the summary judgment record. *See Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)).

With reference to the importance of the Settlement Agreement, the Court notes that the parties dispute whether the Settlement Agreement is binding or has been vacated by the state court in which the Settlement Agreement was filed. Nonetheless, the proffered Settlement Agreement is important to ICity and Kyle's attempt to establish they have standing to challenge the validity of the foreclosure sale. Indeed, the Bankruptcy Court noted that "had the evidence initially been before the Court, it is unlikely that summary judgment would have been granted." *See* Supplemental Report and Recommendation, p. 4.

In its Objections and Motion for New Trial before this Court, and in the briefing before the Bankruptcy Court on the issue of whether to reopen the summary judgment record, ICity and Kyle offered no explanation for their failure to submit a complete, authenticated, fully signed copy of the Settlement Agreement during the summary judgment proceeding. In their Objections to the Supplemental Report and Recommendation, and only after the Bankruptcy Court pointed out that no explanation had been offered, ICity and Kyle assert that "[t]o state the obvious, the four (4) missing pages were omitted due to a clerical error in either copying the document or while scanning it to be submitted electronically." *See* Objections [Doc. # 12], p. 3. It is unclear to this Court why, based on the asserted importance of the Settlement Agreement, the copy submitted during the summary judgment proceeding was not

checked, submitted in complete form, and authenticated. It is similarly unclear why, if it is so "obvious" that the missing pages were omitted due to a clerical error, ICity and Kyle did not previously provide that explanation – with admissible evidentiary support, such as an affidavit or declaration on personal knowledge – to this Court or to the Bankruptcy Court. Indeed, ICity and Kyle still have not provided an explanation for why the Settlement Agreement in the summary judgment record was not authenticated. ICity and Kyle's unsupported and conclusory argument in their current Objections is simply too little, too late.

Heights Melrose Group, LLC ("Heights Melrose"), the non-movant in this case, would suffer significant prejudice if the summary judgment record were reopened. It would be required to incur additional costs and attorneys' fees associated with additional discovery, motion practice, and a potential trial. While some of that prejudice might be reduced by assessing the new expenses against ICity and Kyle, there is other prejudice that cannot be ameliorated. Heights Melrose would be significantly prejudiced because its title to the property at issue would again be subject to challenge for an extended period of time.

Although the first factor – the importance of the Settlement Agreement – weighs in favor of ICity and Kyle, the remaining two factors weigh heavily against reopening the summary judgment record. ICity and Kyle had ample opportunity to

brief the summary judgment motions fully before the Bankruptcy Court issued its recommendation. They failed to present evidence of key facts fundamental to their position in a timely fashion. They have not shown themselves entitled to a new trial or reopening of the summary judgment record under the circumstances presented. Accordingly, it is hereby

    **ORDERED** that Defendants' Motion for New Trial [Doc. # 8] is **DENIED** for the reasons stated herein and in the Supplemental Report and Recommendation.

    SIGNED at Houston, Texas this 9th day of **February, 2012**.

_____
Nancy F. Atlas
United States District Judge